UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ALFRED BARR,**

        **Appellant,**

vs.                                                          Case No. 8:05-CV-643-T-27MSS

**DUWAIK FAMILY LLLP,**

        **Appellee.**
_____/

## ORDER

**DEBTOR APPEALS** two Bankruptcy Court orders. the first denying Debtor's "Motion for Vacating Order and Confirming Debtors Chapter 13 Automatic Stay," and the second dismissing Debtor's appeal as untimely. The orders of the Bankruptcy Court are AFFIRMED.

On November 23, 2004, the Bankruptcy Court, after conducting an evidentiary hearing, granted Appellee Duwaik's Motion for Annulment of Automatic Stay *Nunc Pro Tunc* to Petition Date and for Ratification of the District Court Judgment. On December 27, 2004, more than a month after entry of that order, Debtor filed a "Motion for Vacating Order and Confirming Debtors Chapter 13 Automatic Stay" which the Bankruptcy Court construed as a motion for reconsideration of the order granting Appellee's Motion for Annulment of Automatic Stay *Nunc Pro Tunc* to Petition Date and for Ratification of the District Court Judgment in the Second Bankruptcy Case. On January 26, 2005, the Bankruptcy Court denied Debtor's motion, correctly finding that it was untimely under Rule 59(b), Fed.R.Civ.P., and insufficient under Rule 60, Fed.R.Civ.P. (Dkt. 1-84).

Debtor's first Notice of Appeal was filed on February 14, 2005 and was directed to the Bankruptcy Court's January 26, 2005 Order denying Debtor's "Motion for Vacating Order and Confirming Debtors Chapter 13 Automatic Stay"(Dkt. 1-85). That Notice of Appeal was untimely and the Bankruptcy Court correctly dismissed the appeal in its February 22, 2005 Order Dismissing Appeal (Dkt. 1-4).[1] Accordingly, to the extent Debtor, by virtue of his second Notice of Appeal filed on March 4, 2005, appeals the Bankruptcy Court's order which dismissed his appeal, the Bankruptcy Court's Order Dismissing Appeal is AFFIRMED.

The Clerk is directed to close this case and deny all pending motions as moot.

**DONE AND ORDERED** in chambers this 10th day of March, 2006.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Debtor and Counsel of Record

---

[1] Rule 8002(a), Federal Rules of Bankruptcy, requires that a notice of appeal be filed within 10 days of the date of the entry of the order appealed from. That requirement is jurisdictional. *Advanced Estimating Sys., Inc., v. Riney*, 77 F.3d 1322, 1323 (11th Cir. 1996).